I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 8-21-09

DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 21 2009

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MORONGO TRIBESMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOC., et al.,<br><br>　　　　Defendants. | Case No. EDCV 09-1244-GHK MLG)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

## I. Facts

This is a first amended pro se civil rights action brought pursuant to 42 U.S.C. § 1983 by Luis Vasquez, who is currently incarcerated at the Ironwood State Prison in Blythe, California. The Defendants are: The California Correctional Peace Officers Association ("CCPOA"), which is a non-governmental collective bargaining organization representing more than 33,000 correctional officers and parole agents in the California corrections system; Parole Agent Joe Mendoza; and Father Ron Rusk, a chaplain at the Ironwood prison.

The complaint was initially filed on July 2, 2009 by Vasquez and nine other Native American inmates, who are incarcerated at the

Ironwood State Prison. On July 8, 2009, the complaint was dismissed with leave to amend. On August 19, 2009, a first amended complaint was filed by Vasquez only. The Court assumes that the remaining individual Plaintiffs are no longer interested in pursuing this matter and they should therefore recommends that the "Morongo Tribesmen" and the individual Plaintiffs who signed the original complaint, but not the first amended complaint, be dismissed from this action without prejudice.

Like the original complaint, the first amended complaint is rambling and difficult to understand. It is clear however, that the first claim relates solely to Plaintiff Luis Vasquez. Vasquez claims that in May 2008, his grandmother died. Vasquez requested that he be granted Temporary Community Leave (TCL) so that he could attend her funeral. That request was denied by Correctional Counselor Gardia, after consulting with Parole Agent Mendoza. Vasquez claims that the information provided by Mendoza in opposition to the request was false and that the resultant denial of his request violated his rights under the First, Eighth and Fourteenth Amendments to the Constitution.

Plaintiff next claims that Father Rusk, who is apparently a Catholic Priest, was assigned as a spiritual advisor to the Native American prisoners at Ironwood for approximately four years. Plaintiff claims that Father Rusk violated his First Amendment rights by preventing Plaintiff from practicing his religion. More specifically, Plaintiff claims that Rusk denied Native American

Prisoners wood and medicines needed for their sweat lodge ceremony.[1]

Plaintiff finally claims that the CCPOA, as the collective bargaining representative of the prison correctional officers, is responsible for any misconduct of its members in the prison, including Mendoza, for maintaining the "code of silence", denying firewood for the Plaintiffs' sweat lodge and for the lack of attention to their spiritual needs. Vasquez seeks damages in the amount of $500,000.00.

## II. Duty to Screen Complaint

In accordance with the mandate of the Prison Litigation Reform Act of 1995, the Court has screened the first amended complaint prior to ordering service, for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 and n. 10 (9th Cir. 2000)(en banc).

The Court's screening of the complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiffs are appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford Plaintiffs the benefit of any

---

[1] In the original complaint, Plaintiff noted that in March 2009, a Native American Spiritual Advisor was hired by the prison, with whom the Plaintiffs are satisfied.

doubt. *See Karim-Panahi v. Los Angles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim up which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiffs. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

**III. Discussion**

    **A. Denial of Temporary Community Leave to Vasquez**

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that Defendants, while acting under color of state law, violated a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff Vasquez alleges that Defendants CCPOA and Mendoza violated his right to the free exercise of religion under the First Amendment, his right to be free from cruel and unusual punishment under the Eighth Amendment as well as his Fourteenth Amendment right to due process by denying him temporary community leave to attend his grandmother's funeral. This claim is frivolous and must be dismissed.

It is black letter law that a prisoner has no constitutional right to incarceration in a particular institution or housing unit. See *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachem v. Fano*, 427 U.S. 215, 224 (1976). In addition, it has been held that: "California has not created a protected liberty interest in housing at any particular facility **(or temporary release to the community)**: there are no substantive limitations on prison officials' discretion to grant or refuse the transfer of prisoners. See Cal.Penal Code § 5080; Cal.Code Regs. tit. 15, § 3379." *Verwolf v. Hamlet*, 2003 WL

22159055 *3 (N.D. Cal. 2003)(emphasis added). *See also Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir. 1994)(Federal law does not entitle prisoner to compassionate leave); *Toussaint v. McCarthy*, 801 F.2d 1080, 1114 (9th Cir. 1986)(No right to contact visits in prison); *Walters v. Washington County Jail*, 2007 WL 2710433 *2 (W.D. Ark. 2007)("[T]here is no constitutional right for a detainee to be released from incarceration to attend a family member's funeral.") Plaintiff's request for money damages due to the failure to allow him to attend the funeral of his grandmother has no statutory or constitutional basis.

Accordingly, it is recommended that Vasquez's cause of action arising from the denial of temporary leave to attend his grandmother's funeral should be dismissed as to all Defendants.[2]

**B. Denial of Right to Practice Religion**

Plaintiff is claiming that Father Rusk and the CCPOA violated his constitutional rights to the free exercise of his religion. Plaintiff has failed to state a claim upon which relief may be granted with respect to the CCPOA. The CCPOA is alleged to be a non-governmental organization whose purpose is to act as the collective bargaining agent for state corrections employees. There is absolutely no allegation or showing the CCPOA was in any way involved in determining the manner in which Native American prisoners are allowed to practice their religion. In the absence of such allegations or logical connection between the alleged conduct of Father Rusk and the

---

[2] Leave to amend is not required here as the deficiencies in the pleadings could not possibly be cured by the allegation of other facts. *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

CCPOA, the CCPOA must be dismissed from this action

Plaintiffs complaint against Father Rusk is minimally sufficient to state a First Amendment free exercise violation. To establish a free exercise claim, an inmate must demonstrate that prison officers "burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997); see also *Standing Deer v. Carlson*, 831 F.2d 1525, 1531 (9th Cir. 1987) (holding that a prison regulation banning all headgear, including religious headbands, did not unconstitutionally burden Native American religious freedoms because regulation was logically related to legitimate penological interests).

Here, the complaint makes that allegation against Father Rusk. However, the complaint fails to identify when, where, and how Father Rusk allegedly violated Plaintiff's First Amendment rights. Leave must be granted to file a second amended complaint against Father Rusk only.

## IV. Conclusion

It is therefore recommended as follows:

a. All Plaintiffs other than Luis Vasquez be dismissed from this action without prejudice as they failed to join in the first amended complaint.

b. Luis Vasquez's claim alleging a denial of constitutional rights arising from the refusal to allow his release from prison to attend his grandmother's funeral be dismissed with prejudice and without leave to amend.

    c. The California Correctional Peace Officer's Association be dismissed from this action without leave to amend.

    d. The complaint be dismissed without prejudice and with leave to amend with respect to the allegations against Father Rusk. Within 30 days following acceptance of this Report and Recommendation, Plaintiff shall file a second amended complaint that remedies the defects identified in this memorandum and order and complies with the requirements of the Federal Rules of Civil Procedure and Local Rule 15-2.[3] Any amended complaint must bear the docket number assigned in this case and must be labeled "second amended complaint." Pursuant to Rule 8, Plaintiff should make a short and plain statement of the facts underlying his claim against Father Rusk in numbered paragraphs and omit legal and factual conclusions. **The amended complaint must clearly identify the specific acts on which the claims are based. It should include the date, time, place and circumstances of the offending conduct, the full details of what the defendant did or failed to do, and the damage or injury suffered by Plaintiff as a result.** Plaintiff is cautioned that he is responsible for presenting factually accurate information to the Court. A knowing misrepresentation to the Court is punishable by sanction, including dismissal.

    e. If Plaintiff fails to timely file the second amended complaint, or if the amended complaint fails to properly plead a cause of action against the defendant, Plaintiff is advised that the action will be subject to being dismissed with prejudice for failure

---

[3] "Every amended pleading filed as a matter of right or allowed by order of Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading." Local Rule 15-2.

1  to diligently prosecute or for failure to state a claim, or both.

2       c.   The Court's deputy clerk shall serve Plaintiff with a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "Second Amended Complaint."  If Plaintiff chooses to continue prosecuting this action, Plaintiff must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments.

Dated: August 21, 2009

_____
Marc L. Goldman
United States Magistrate Judge